Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1006 | **DATE** | February 22, 2013 |
| **CASE TITLE** | Everette Robinson (2012-0323141) vs. Correctional Officer Appleberry, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed in forma pauperis (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $10.10 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The Clerk is instructed to issue summonses for service on defendants Appleberry and Keating and send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve defendants Appleberry and Keating. Defendants Tom Dart and Cook County Sheriff Department are dismissed. Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

    Pro se plaintiff Everette Robinson, a Cook County Jail detainee, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for appointment of counsel. (Dkt. No. 4).

    The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $10.10. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

| STATEMENT |
|---|

    Plaintiff alleges that Cook County Jail correctional officer defendants Appleberry and Keating wrongfully assaulted him. Plaintiff claims he was on the ground in handcuffs and did not pose a threat. Appleberry and Keating punched and kicked him without proper cause while he was defenseless. Plaintiff may proceed with a claim against Appleberry and Keating for a wanton and unnecessary use of force inflicted for malicious and sadistic purposes. *Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010) (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

    Defendants Tom Dart and Cook County Sheriff's Department are dismissed. Plaintiff fails to allege that Dart was personally involved with the alleged constitutional violation, *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Thus, he is not a proper defendant.

    As for the Sheriff' Department, or more appropriate the Sheriff sued in his official capacity, this is an entity that can be sued in federal court. *DeGenova v. Sheriff DuPage County*, 209 F.3d 973, 973 (7th Cir. 2000). However, plaintiff fails to allege that alleged constitutional violation occurred pursuant to a sheriff's department policy sufficient to satisfy the requirements of *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Thus, Appleberry and Keating are the only remaining defendants.

    The Clerk is instructed to issue summonses for service on defendants Appleberry and Keating and send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve defendants Appleberry and Keating. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former employees who no longer can be found at the work address provided by the plaintiff, Cook County and/or the Cook County Jail shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named defendant pursuant to Rule 4(d)(1)(G).

    Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendants [or to defense counsel, once an attorney has entered an appearance on behalf of defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.

## STATEMENT

Plaintiff's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice because he has failed to make a reasonable effort to obtain his own attorney. *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Plaintiff must request pro bono assistance from law firms or legal assistance organizations before he may request counsel from the Court. He should include copies of the letters he receives from these entities responding to his requests in any renewed motion for counsel.